IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Gloria Robinson Johnson, ) | C/A No.: 5:14-2188-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Masonite International Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Gloria Robinson Johnson ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action against Masonite International Corporation ("Defendant"), alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"). [ECF Nos. 1, 4, 9].[1] This matter comes before the court on Defendant's motion for summary judgment filed on January 9, 2015. [ECF No. 36]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if she failed to respond adequately to Defendant's motion. [ECF No. 37]. The motion having been fully briefed [ECF Nos. 43, 44], it is ripe for disposition.

On September 29, 2015, pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule

---

[1] Plaintiff's complaint does not specify what type of discrimination she believes she suffered [ECF No. 1], but her responses to Local Civ. Rule 26.01 interrogatories mention age discrimination. The previously assigned United States Magistrate Judge construed the complaint as bringing only an age discrimination claim [ECF No. 14, n.2], and Plaintiff has not objected to such construction.

73.02(B)(2)(g) (D.S.C.). [ECF No. 31]. Because the motion for summary judgment is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district judge grant Defendant's motion for summary judgment.

I.    Relevant Factual Background

Defendant employs approximately 120 full-time hourly workers at its Denmark, South Carolina facility ("Denmark plant"), but supplements its work force with temporary employees provided by Randstad US, L.P ("Randstad"). Mann Aff. at ¶¶ 5–6.[2] Randstad is a temporary staffing company that provides personnel to its clients, such as Defendant, to meet temporary staffing needs. *Id*. The temporary employees are employed by and paid by Randstad. *Id*. Randstad bills Defendant an hourly rate for work performed by the personnel. *Id*. Randstad employs a supervisor at the Denmark plant to handle issues that arise regarding the Randstad workers. *Id*. at ¶ 7. The Randstad supervisor assigned to work at the Denmark plant between January and May 2013 was Andrew Jaramillo. *Id*. During that time period, approximately nine temporary employees, including Plaintiff and her husband, were assigned by Randstad to work at the Denmark plant. *Id*.

In her complaint, Plaintiff alleges that she and her husband were "hired by Randstad Staffing to work for Masonite International Corporation." [ECF No. 1 at 3]. Plaintiff alleges she was given an "employee hand package" and told that "after ninety

---

[2] The affidavit of Stephen Mann, Automated Line Production Supervisor at the Denmark plant, may be found at ECF No. 36-2.

days we would be permanent workers for Masonite." *Id*. Plaintiff admits that she was paid through Randstad. Plf. Dep. at 41:22–24.[3] However, Plaintiff insists that she never worked for Randstad (Plf. Dep. at 137:14–138:10), and testified at her deposition that she believes she was at all relevant times "officially" a Masonite employee, even though she was hired by Randstad (Plf. Dep. at 137:24–139:5).

Plaintiff alleges that from March until May, she suffered verbal and physical abuse from a younger coworker, Sarah Grooms. *Id*. After an incident between Plaintiff and Grooms on May 7, 2013, Plaintiff's work for Defendant ceased. Plaintiff claims she was fired [ECF No. 1 at 4], while Defendant argues she quit [ECF No. 36-1 at 5–7, 12–13].

II.   Discussion

   A.   Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . .

---

[3] Plaintiff's deposition may be found at ECF No. 36-3.

that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

B.     Analysis

Defendant argues that it is not liable to Plaintiff under the ADEA because it was not her employer. Plaintiff argues that "it is clear that both Randstad and I worked for Masonite International Corporation." [ECF No. 43 at 3].

Plaintiff testified that she was "hired by Randstad to work for [Defendant]." Plf. Dep. at 162:10–163:8. Plaintiff also admitted that she was paid by Randstad. *Id*. at 41:22–24. Defendant submitted evidence that Randstad employed Andrew Jamarillo as a supervisor at its Denmark location to handle issues that arose with Randstad workers. Mann Aff. at ¶ 7. Plaintiff testified that after the incident on May 7, 2013, she talked to Jamarillo two to three times a week for at least three weeks for updates on returning to work with Defendant or somewhere else. Plf. Dep. 133:1–20, 134:13–135:11. Plaintiff also received unemployment benefits through Randstad, and did not dispute that it was her employer in those proceedings. [ECF No. 43-5].

The ADEA makes it unlawful for an "employer" to discriminate on the basis of

age against its employees. *See* 29 U.S.C. § 623(a). Plaintiff must prove the existence of an employment relationship to maintain an ADEA claim. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) (holding that the ADEA limits civil liability to the employer); *see also Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir. 1996) (finding that plaintiff must show the existence of an employment relationship to maintain a Title VII claim).  To determine whether a person is an employee, the common law of agency and the traditional master-servant doctrine applies. *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322–24, (1992).[4] Besides her own unsupported allegations, Plaintiff has failed to provide any evidence that she was an employee of Defendant. Defendant has provided evidence that Plaintiff was hired by, paid by, and received unemployment benefits from Randstad. Therefore, under the facts presented in this case, the undersigned finds that Plaintiff was an employee of Randstad, and not of Defendant. Therefore, the undersigned recommends Defendant's motion for summary judgment be granted because the ADEA does not provide a private cause of action absent an employment relationship.[5]

---

[4] *Darden* was an ERISA case, not an ADEA case, but has been applied in other employment discrimination contexts. *See Clackamas Gastroenterology Assocs. v. Wells*, 538 U.S. 440, 444–45 (2003) (applying to ADA claim); *Prather v. Prudential Fox & Roach*, 326 F. App'x 670, 672 (3d Cir. 2009) (applying to Title VII); *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 127–28, n.5 (3d Cir. 1998) (stating that, as under Title VII, "independent contractors are not employees within the meaning of the ADEA") (Scirica, J., concurring in part, dissenting in part).

[5] Given the recommendation, the undersigned has not addressed the merits of Plaintiff's claims. The undersigned notes that at first blush, there appear to be disputes of fact over whether Plaintiff suffered an adverse employment action and whether a similarly-situated employee received more favorable treatment.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion for summary judgment [ECF No. 36] be granted.

IT IS SO RECOMMENDED.

June 9, 2015                                           Shiva V. Hodges
Columbia, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).